UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
GUAN X CHEN, ZHI H. LIU, WAI M.               :
LUI, SHUN L. MEI, and ZHUO J. ZOU,            :
                                              :
                            Plaintiffs,       :    04 Civ. 6579 (GBD)(THK)
                                              :
                -against-                     :    **REPORT AND RECOMMENDATION**
                                              :
GRAND HARMONY RESTAURANT, INC.                :
d/b/a GRAND HARMONY, MILLENIUM                :
HARMONY, INC. d/b/a HARMONY PALACE,           :
JOY EAST, INC. d/b/a HARMONY                  :
PALACE, STEVEN LOW, MARK LOW, KIN             :
NING LAU, CHUCK QUEN CHIN, KAM FOO            :
YUEN, WAI FOO YUEN a/k/a DAVID                :
YUEN, WILLIAM SU a/k/a WOON KWON              :
SOO, WAI PING CHAN, VINCENT YUK,              :
WAI CHI CHIN a/k/a PETER WAI CHI              :
CHIN, TING LO, CHI PING LEUNG, and            :
HUNG WEI CHIN a/k/a DAVID CHIN,               :
                                              :
                            Defendants.       :
------------------------------------X

**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE**
**TO: GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE**

This case was brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 190 et seq., § 215, and §§ 650 et seq. ("NYLL"). It was referred to this Court for general pretrial supervision and settlement. Presently before the Court is a motion,[1] brought by Defendants Vincent Yuk, Peter Wai Chi Chin, and Ting Lo, requesting that the Court decline to toll the statute of limitations on

---

[1] Because Defendants' motion, if granted, would be dispositive with regard to a portion of Plaintiffs' claims, the Court is issuing a Report and Recommendation, pursuant to 28 U.S.C. § 636 (b)(1)(B) and (C), and not an Order.

Plaintiffs' claims against Defendants.[2]

## BACKGROUND

Plaintiffs are current and former waiters and busboys at the Grand Harmony Restaurant, located at 98 Mott Street in Manhattan, and owned and operated by Grand Harmony Restaurant, Inc.[3] On August 13, 2004, Plaintiffs brought this action against the company and a number of affiliated individuals, claiming various violations of the FLSA and NYLL. Specifically, Plaintiffs claimed that Defendants had failed to pay minimum wages, denied overtime wages, appropriated gratuities, committed retaliatory discharges,[4] committed spread of hours violations, and failed to reimburse Plaintiffs for uniform expenses. (See Defendants' Motion to Deny Tolling the Statute of Limitations, dated May 2, 2011 ("Defs.' Motion"), at 1.) Relevant to the present motion, Plaintiffs also

---

[2] Defendant David Yuen remains in the action but did not participate in this motion. All other Defendants have reached settlements and have been dismissed from the case.

[3] The Restaurant, always at the same location, was known as Harmony Palace between September 1, 2001 and June 26, 2003, and it was operated by Defendant Joy East. (See Complaint, dated Aug. 13, 2004 ("Compl."), ¶ 11.) Prior to September 1, 2001, the Restaurant was owned and operated by Defendant Millennium Harmony, Inc., and it was named Harmony Palace. (See id. ¶ 12.) For the purposes of this Report, the Court does not distinguish the former entities from Defendant Grand Harmony Restaurant.

[4] The retaliatory discharge claims have since been dropped. (See Plaintiffs' Letter, dated March 18, 2011 ("Pls.' Letter"), at 2.)

2

claim, and Defendants dispute, that Defendants failed to post necessary notices pursuant to the FLSA and the NYLL. (See id. at 6; Plaintiffs' Opposition to Defs.' Motion, dated May 27, 2011 ("Pls.' Opp."), at 12.)

On March 18, 2011, Plaintiffs filed a letter in opposition to Defendants' request to file a summary judgment motion on the liability of Defendants Yuk, Chin, Lo, and Yuen.[5] (See Plaintiffs' Letter, dated Mar. 18, 2011 ("Pls.' Letter").) In the letter, Plaintiffs argued, among other things, that Defendants had miscalculated Plaintiffs' potential damages by not including claims that dated back to the beginning of Plaintiffs' employment at Grand Harmony. (See id.) This argument assumed that the statute of limitations on the FLSA and NYLL claims would be equitably tolled, and further, that the remaining individual Defendants could be sued as employers under the FLSA and NYLL. (See id. at 2.)

Defendants responded by filing the present motion requesting that the Court decline to toll the statute of limitations, arguing that (1) it is too late for Plaintiffs to make such a request, (2) the doctrine cannot be applied to the remaining individual

---

[5] Defendants' counsel, Proskauer Rose, represented Defendant Yuen at the time of the request to file the summary judgment motion, and at the time of the March 18, 2011 letter, but they withdrew from representation of Mr. Yuen prior to the filing of the present motion. (See Defs.' Motion at 2, fn.4.) Mr. Yuen is now represented by attorneys at the firm of Vinson & Elkins LLP.

3

Defendants, as they were not obligated by federal or state law to post the notices at issue, and (3) more generally, there is no justification to toll the statute of limitations. For the reasons that follow, the Court declines to grant Defendants' motion.

## DISCUSSION

Plaintiffs argue convincingly that a determination on equitable tolling is best saved for trial, as there are outstanding and material issues of fact regarding what the Plaintiffs knew about their rights under federal and state employment laws, and whether Defendants appropriately informed Plaintiffs of such rights. (See Pls.' Opp. at 10-15.)

### I. Law on Equitable Tolling

The statute of limitations under the FLSA is two years, but if the violations are willful, it can be extended to three years. See 29 U.S.C. § 255 (a). The statute of limitations for bringing claims under the NYLL is six years. See N.Y. Lab. Law §§ 198(3), 663(3). Under certain circumstances, however, courts may equitably toll the statute of limitations to avoid "inequitable circumstances." See Johnson v. Nyack Hospital, 86 F.3d 8, 11 (2d Cir. 1996) (citing Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 264 (2d Cir. 1990)). A litigant seeking to equitably toll the statute of limitations must establish "(1) that he has been pursuing his rights diligently, and (2) that some

4

extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 36, 127 S. Ct. 1079 (2007); Trans Union LLC v. Lindor, 393 Fed. App'x 786, 789 (2d Cir. 2010) (noting that this equitable and narrow remedy is only applied when "extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period [s]he [sought] to toll" (quoting Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005))).

Equitable tolling may apply where defendants neglect to appropriately post the FLSA provisions or the New York Department Labor's notices on minimum wage provisions, in compliance with 29 C.F.R. § 516.4 and 12 N.Y.C.R.R. § 142-2.8, respectively. See Saunders v. City of New York, 594 F. Supp. 2d 346, 359 (S.D.N.Y. 2008) ("[F]ailure to comply with the regulatory obligation to disclose the existence of a cause of action . . . is the type of concealment that entitles plaintiff to equitable tolling of the statute of limitations." (quoting Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.d 318, 324 (2d Cir. 2004))); Patraker v. Council on the Environment of New York City, No. 02 Civ. 7382 (LAK), 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003) (stating, in a case brought under the FLSA, that "the Court assumes that the failure to post that notice, in other circumstances, might result in equitable tolling"). But see Cao v. Wu Liang Ye Lexington

Rest., Inc., No. 08 Civ. 3725 (DC), 2010 WL 4159391, at *1 (S.D.N.Y. Sept. 30, 2010) (holding that equitable tolling should not apply where plaintiffs complained of not being informed of their rights but did not complain of "anything more, e.g., some sort of deception"). However, such a failure can be overlooked if the Plaintiffs knew of the rights that are outlined in such notices. See Saunders, 594 F. Supp. 2d at 363-64. Thus, the issues of notice and knowledge are relevant to determining whether there should be equitable tolling.

## II. Timing

Defendants first argue that Plaintiffs have failed to raise the issue of equitable tolling in a timely manner, because, in Defendants' view, Plaintiffs waited more than six years after retaining counsel and filing this action to request that the statute of limitations be equitably tolled.

The primary problem with Defendants' argument is that they equate the doctrine of equitable tolling with the FLSA claim itself. This approach leads to erroneous comparisons between this case and other actions in which the plaintiffs failed to quickly initiate an action after retaining counsel. In Partraker, for example, the plaintiff retained counsel regarding his employment contract in the spring of 1998, which was right around the time his employment was terminated. See Patraker, 2003 WL 22703522, at *2.

The Patraker plaintiff did not file a lawsuit for another four years, and then asked that the statute of limitations be tolled on his claims. See id. Based on this delay, the Patraker court decided against equitably tolling the statute of limitations on the plaintiff's FLSA claims. See id.

Those facts are very different from the facts in this case, where Plaintiffs filed this action within 7 months of speaking to an attorney. Here, Plaintiffs are requesting the Court to equitably toll the statute of limitations on violations that occurred prior to the time that they consulted an attorney, but that issue is separate from, as in Patraker, whether Plaintiffs failed to act diligently on the underlying claim after such consultations took place.

Defendants' reliance on Bowers is similarly misplaced, as in that case the plaintiffs failed to exercise their right to request arbitration before the statute of limitations had run. See Bowers, 901 F.2d at 258, 264. However, unlike this case, the issue was not when the request for equitable tolling was made, but, rather, when the request for arbitration had been made. Equitable tolling would have allowed the plaintiffs to bring a claim past the statute of limitations period, but there was never a question about when it would have been appropriate to request equitable tolling. Unlike the Bowers case, here, the fact that Plaintiffs retained counsel

7

and filed this action in 2004 does not militate against equitable tolling, because the actual FLSA and NYLL claims were asserted within a few months of Plaintiffs' decision to retain counsel.

Defendants, then, do not cite any relevant statutory or case law authority to support their claim that Plaintiffs have waived their right to request that the Court equitably toll the statute of limitations.

The application of this equitable remedy is a matter within the sound discretion of the Court, and is determined on a case-by-case basis. See Holland v. Florida, _____ U.S. _____, 130 S. Ct. 2549, 2563 (2010). It was not until Plaintiffs' March 18, 2011 letter - which was written in opposition to Defendants' request to file a summary judgment motion on, inter alia, how limited Plaintiff's damages were because of the statute of limitations - and the filing of the instant motion, that the issue was fully briefed. (See Pls.' Brief in Opposition, dated May 27, 2011, at 9.) There is no claim that Defendants have been prejudiced by late notice on equitable tolling.

Moreover, and as pointed out by Plaintiffs, the issue of equitable tolling has been present, at least implicitly, from the beginning of the action. In the Complaint, Plaintiffs allege various violations of their rights and list Plaintiffs' terms of employment; in all but one case, employment is listed as beginning

8

in the early 1990s. (See Compl. ¶¶ 4-8.) Further, Plaintiffs repeatedly characterized Defendants' actions as occurring "throughout Plaintiffs' employment." (See, e.g., id. at ¶¶ 71, 80, 96, 105.) Defendants acknowledged as much in their answer, where they argued that Plaintiffs' claims were at least partially barred by the statute of limitations. (See Answer, dated Oct. 25, 2004, ¶ 128.) Moreover, the entire period of employment has been at issue in discovery. (See Pls.' Opp. at 9.)

Accordingly, Plaintiffs are not barred from invoking the doctrine of equitable tolling on the basis of delay in raising the issue.

### III. Individual Responsibility

Defendants also argue that Plaintiffs cannot invoke equitable tolling against the individual Defendants, based on the failure to post notices of Plaintiffs' FLSA and NYLL rights, because the individual Defendants had no obligation to post the required notices. Defendants point to no authority that supports this proposition in either the FSLA or the NYLL context.

An employer subject to the FLSA must "post and keep posted a notice explaining the [FLSA] . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." See 29 C.F.R. § 516.4. The NYLL similarly requires an employer to "post in a conspicuous place in

9

his or her establishment a notice issued by the Department of Labor summarizing minimum wage provisions." 12 N.Y.C.R.R. § 142-2.8. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203 (d).[6] This statute has been singled out for defining the employer-employee relationship in very broad terms. See United States v. Rosenwasser, 323 U.S. 360, 363 n.3, 65 S. Ct. 295 (1945) (noting that the Act's definition of "employ" is "the broadest definition that has ever been included in any one act"); see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) ("[T]he remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.'" (quoting Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984))).

As a preliminary matter, and contrary to Defendants' arguments, the plain language of the FLSA indicates that an individual actor, as opposed to a business entity, can be defined as an "employer."

---

[6] On the issue of defining "employer," New York law parallels the FLSA, and for that reason the analysis here will focus solely on the FLSA. See Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008) (citing Jiao v. Chen, No. 03 Civ. 0165 (DF), 2007 WL 4944767, at *9, n.12 (S.D.N.Y. Mar. 30, 2007)).

In determining whether an individual is an employer, courts in this Circuit look to the "economic reality" of the relationship. See Herman, 172 F.3d at 139 (citing Goldberg v. Whitaker House Coop., 366 U.S. 28, 33, 81 S. Ct. 933 (1961)). In Herman, the Second Circuit listed as balancing factors "whether the alleged employer (1) had the power to hire or fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Herman, 172 F.3d at 139 (citing Carter, 735 F.2d at 12). These factors are not exclusive or exhaustive. See Zheng v. Liberty Apparel Co., 355 F.3d 61, 71 (2d Cir. 2003); see also Rutherford Food Corp. v. McComb, 331 U.S. 722, 67 S. Ct. 1473 (1947) (classifying a slaughterhouse as an employer even though a different supervisor was in charge of firing or hiring workers, setting the workers' hours, and paying the workers (albeit from funds the slaughterhouse paid him for the work)). While the Herman factors are sufficient for establishing an employer-employee relationship, there is no necessity that each weigh in favor of such a finding. See Zheng, 355 F.3d at 71.

Although the instant motion is not the proper vehicle for determining whether the remaining Defendants were employers for the purposes of the FLSA or the NYLL, there are certainly facts in the record that would allow a finder of fact to conclude that they

11

were. For example, Plaintiffs assert that Defendant Vincent Yuk clearly had the power to terminate employees, as he fired Plaintiff Chen. (See Plaintiff's Letter, dated Mar. 18, 2011, at 6.) There is evidence that he exercised control over employees' vacation schedules, and he also gave input on their pay. (See id.) Defendant Yuk also served as General Manager from 2001 to 2003 and was listed as a manager in a stock purchase agreement in 1996. (See id.) Similarly, Defendant Peter Wai Chi Chin hired and fired employees, including the hiring of Plaintiff Zou and the firing of Plaintiff Lui; he had power to control employee schedules, and he gave input on tip sharing. (See id. at 7.) Defendant Chin was also listed as the purchasing manager in a settlement agreement between the restaurant and various members of the Board of Directors, and, beginning in 1996, he served as Vice-President of Grand Harmony. (See id.) Defendant Ting Lo also hired employees, including Plaintiff Liu; he controlled the employees' work schedules by, among other things, telling them when they could go home; and he had significant input in determining the distribution of tip shares. (See id. at 8.) Defendant Lo was listed as a manager in a stock purchase agreement, and he acted as a purchasing manager. (See id.)

Because there are material issues of fact in dispute as to whether the individual Defendants were employers, the Court cannot

12

conclude as a matter of law that the doctrine of equitable tolling cannot apply to these Defendants.

## IV. Disputed Issues of Fact

As noted above, the issues of knowledge and notice are essential to a determination of whether it would be appropriate to toll the statute of limitations in this case. See Saunders, 594 F. Supp. 2d at 363-64. Here, however, there are disputed issues of fact with respect to both factors. The parties dispute whether or not Defendants posted the required notices or otherwise informed Plaintiffs of their rights under federal and state labor law. (See Defs.' Motion at 6-7; Pls.' Opp. at 12-13.) Moreover, thre are issues of fact as to whether Plaintiffs were aware of their labor law rights in the period prior to retaining counsel. Therefore, it would be premature to decide this issue on a pretrial motion.

### CONCLUSION

For the reasons stated above, the Court recommends that Defendants' motion be denied and that the issue of equitable tolling be reserved for trial.

Respectfully Submitted,

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: August 10, 2011
       New York, New York

14