UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
GUAN X. CHEN, ZHI H. LIU, WAI M. LUI,  :
SHUN L. MEI, and ZHUO J. ZOU,
                                       :
              Plaintiffs,
                                       :       MEMORANDUM DECISION
        -v-                                          AND ORDER
                                       :       04 Civ. 6579 (GBD)(THK)
GRAND HARMONY RESTAURANT, INC., ET
AL.,                                   :

              Defendants.
------------------------------------- X

GEORGE B. DANIELS, District Judge:

   Plaintiffs Guan X. Chen, Zhi H. Liu, Wai M. Lui, Shun L. Mei, and Zhuo J. Zou bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq.* ("NYLL"). Plaintiffs allege that Defendants David Yuen, Vincent Yuk, Peter Wai Chi Chin, and Ting Lo failed to pay minimum wages, denied overtime wages, appropriated gratuities, committed spread of hours violations, and failed to reimburse Plaintiffs for uniform expenses, in connection with Plaintiffs' employment at Grand Harmony Restaurant.[1]

   On March 18, 2011, Plaintiffs filed a letter in opposition to Defendants' request to file a summary judgment motion dismissing the claims against Defendants Yuk, Chin, Lo, and Yuen, on the grounds that Plaintiffs' potential damages include claims that date back beyond the statute of limitations, to the beginning of Plaintiffs' employment at Grand Harmony. Plaintiffs' letter assumed that the statute of limitations on the FLSA and NYLL claims would be equitably tolled.

---

[1] Plaintiffs originally brought claims against Grand Harmony Restaurant, Millenium Harmony, Inc., and Joy East, Inc. as well as individual defendants Wai Ping Chan, William Su, Stephen Low, Angeline L. K. Low, and Chi Ping Leung, but have since settled those claims.

Defendants Vincent Yuk, Peter Wai Chi Chin, and Ting Lo now bring this motion requesting that this Court deny tolling of the statute of limitations on Plaintiffs' FLSA and NYLL claims arguing that (1) it is too late for Plaintiffs to make a request for equitable tolling; (2) the equitable tolling doctrine cannot be applied to the remaining individual defendants, as they were not obligated by federal or state law to post the notices at issue; and (3) there is no justification to toll the statute of limitations. This Court referred this matter to Magistrate Judge Katz for his Report and Recommendation. Magistrate Judge Katz recommended that this Court deny Defendants' motion and reserve the issue of equitable tolling for trial.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Katz advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the

Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

In his Report, Magistrate Judge Katz properly concluded that Plaintiffs are not barred from invoking the doctrine of equitable tolling because of a delay in raising the issue. Equitable tolling is a matter within the sound discretion of the Court. Defendants do not cite any relevant statutory or case law authority to support their claim that Plaintiffs have waived their right to request that the Court equitably toll the statute of limitations by waiting until this stage in the litigation. Further, Defendants had prior notice that Plaintiffs intended to seek damages back to the beginning of their employment. Plaintiffs alleged in their complaint that Defendants' actions occurred throughout Plaintiffs' employment and Defendants acknowledged that the entire period of Plaintiffs' employment was at issue both in their answer and throughout discovery. The issue of equitable tolling was therefore present, at least implicitly, from the beginning of the action.

Magistrate Judge Katz properly concluded that there are disputed issues of material fact that preclude this Court from determining whether the individual Defendants were "employers" obligated to post notice of Plaintiffs' FLSA and NYLL rights. Magistrate Judge Katz also properly concluded that there are disputed issues of material fact regarding Plaintiffs' awareness and notice of their rights, which are essential to determining whether the statute of limitations may be tolled in this case. Because this Court must make factual findings to determine each of these issues, they cannot be determined as a matter of law and are premature at this time. A determination on equitable tolling is best saved for trial.

## Conclusion

This Court adopts the Report and Recommendation in its entirety. Defendants' motion requesting that the Court decline to toll the statute of limitations is DENIED WITHOUT PREJUDICE.

Dated: New York, New York
      October 6, 2011

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

4