USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED   6/26/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUAN X. CHEN. ZHI H. LIU, WAI M. LUI,          :
SHUN L. MEI AND ZHOU J. ZOU,

                           :

             Plaintiffs,

                           :

         -against-                                    **REPORT AND RECOMMENDATION**

                           :

WAI FOO YUEN,                                          04-CV-6579 (GBD) (KNF)

                           :

           Defendant.
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

## BACKGROUND

The plaintiffs, Guan X. Chen ("Chen"), Zhi H. Liu ("Liu"), Wai M. Lui ("Lui"), Shun L.

Mei ("Mei") and Zhou J. Zou ("Zou"), are  current and former waiters and busboys at a

restaurant located at 98 Mott Street, New York, New York, who commenced this action,

principally, for unpaid wages and overtime compensation, pursuant to the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-219, and New York Labor Law ("NYLL"), §§ 190-199-a.  The

plaintiffs settled the action with defendants Stephen Low, Angeline L. K. Low, Grand Harmony

Restaurant, Inc., Wai Ping Chan, William Su and Chi Ping Leung.  (Docket Entry Nos. 96, 137,

138).  Following a bench trial, your Honor dismissed the plaintiffs' claims against Vincent Yuk,

Wai Chi Chin and Ting Lo and entered judgment in favor of the plaintiffs against Wai Foo Yuen

("Yuen"), noting that "[d]amages will be determined based on the parties' post-verdict

submissions."  (Docket Entry No. 215).  Thereafter, your Honor referred the matter to the

undersigned for a report and recommendation respecting damages.  (Docket Entry No. 218).

### PLAINTIFFS' CONTENTIONS

The plaintiffs assert that the following should apply to the calculation of damages: (1) "the applicable minimum wage for the purposes of calculating minimum wage, overtime, and spread of hours pay should be from the standard minimum wage"; (2) "the FLSA three year statute of limitations applies"; (3) "Plaintiffs have proven their claim for 'spread of hours' damages"; (4) "Plaintiffs are entitled to liquidated damages under both federal and state law"; (5) "Plaintiffs are entitled to prejudgment interest pursuant to the NYLL claims"; and (6) "the prior settlements should not affect the total damage award," because Yuen "cannot demonstrate that the result would be an overpayment of the total of damages which could have been determined at trial if the action had proceeded against all settling Defendants, particularly since Plaintiffs sought damages from the beginning of their employment in May 1990 to approximately December 2004."  Alternatively, "if the Court determines there should be an off set," the plaintiffs contend: (i) "the total damage award including statutory penalties must be calculated before the deduction of any prior settlement amounts"; and (ii) "the amount of an offset must be allocated according to the time period for which each settling defendant could have been held liable."  Moreover, the plaintiffs assert, "certain approximations were required to calculate Plaintiffs' damages," that are permitted under the FLSA because the employer failed to maintain required employment records.

The plaintiffs assert that they are entitled to minimum wage and overtime compensation under FLSA and NYLL.  According to the plaintiffs, during the relevant period of time between March 1, 2001, and June 30, 2003, the applicable hourly minimum wage under FLSA and NYLL was $5.15 and the corresponding overtime rate was $7.73.  The plaintiffs assert that they worked 62 hours per week and were entitled to $5.15 per hour for 40 hours and $7.73 for 22 overtime

hours worked during the relevant time period. The plaintiffs maintain that they are entitled to recover unpaid wages at the statutorily prescribed minimum wage and applicable overtime rates rather than at the lower "tipped" minimum wage because Yuen failed to give them notice: (a) of FLSA's tip credit and wage provisions; (b) that any allowances were claimed against the wages they were paid; and (c) of NYLL's wage requirements.

The plaintiffs assert that the applicable FLSA three-year statute of limitations was tolled, because your Honor found that Yuen is liable for the period from March 1, 2001, to June 30, 2003. They assert that, under NYLL, they are entitled to be reimbursed for the costs of laundering their uniforms, at $6.40 weekly, during the relevant time period. Moreover, your Honor found that the plaintiffs worked a total of 62 hours per week, and the plaintiffs testified that they worked shifts of 10 hours, six days per week, without being paid for an extra hour on days that they worked 10 hours or more. Thus, the plaintiffs estimate that they worked 10 hours or more per day, two days each week, and, under NYLL's spread-of-hours provision, they are entitled to two hours of additional pay, at the standard minimum wage of $5.15, for each week during the relevant time period.

The plaintiffs contend that they are entitled to federal and state liquidated damages on their minimum wage and overtime compensation claims, as well as state-liquidated damages for their uniform reimbursement and spread-of-hours claims, because "these damages, though sharing the same name, serve fundamentally different purposes." More specifically, liquidated damages under FLSA are the functional equivalent of prejudgment interest and are not a penalty, as liquidated damages under NYLL are. Since Yuen failed to inform himself about the FLSA and NYLL requirements or make any efforts to comply with FLSA and NYLL, he failed to satisfy the good faith defense to liquidated damages. The plaintiffs assert that, under New York

3

law, they are entitled to prejudgment interest of nine percent on their spread-of-hours and uniform expense damages.

According to the plaintiffs, the prior settlements should not affect the total damage award, and Yuen is not entitled to an offset because Yuen "cannot demonstrate that Plaintiffs will receive more than the total of their damages which could have been determined at trial if the action had proceeded against all settling Defendants." Furthermore, the plaintiffs assert that, since FLSA and NYLL impose joint and several liability against multiple employers, no amount paid by the settling defendants should be offset against any amounts for which Yuen is liable. According to the plaintiffs, this is not a tort action and the proportionate share approach does not apply, since no fault allocation can be made.

Alternatively, if an offset is applied, the plaintiffs assert that the total damage award, including statutory penalties, must be calculated before any deduction is made because if the offset is deducted before penalties are awarded it would make the plaintiffs' total award less than what the law allows, which would contradict the purpose of FLSA and NYLL. According to the plaintiffs, if an offset is applied, the allocation must be according to the time period for which each settling defendant could have been held liable as an employer and give a proportionate credit to Yuen as distributed between the five plaintiffs. Since it is undisputed that Wai Ping Chan and William Su bought their interest in the restaurant on July 1, 2003, subsequent to the period of time of Yuen's liability, that settlement should not be allocated against any amount for which Yuen is liable. The relevant time period for which the settlement of Stephen Low and Angeline L. K. Low, as executrix of Mark Low's estate, should be allocated is from May 1990, when the plaintiffs' claims arose, through June 30, 2003, when those defendants sold their interest in the restaurant, namely, 157 months. The plaintiffs contend that the total allocation

4

over 157 months equals $675.16 per month, and Yuen is liable from March 2001 to June 2003, or 28 months, making $18,904.40 the total allocation in favor of Yuen, and the proportional allocation for each of the five plaintiffs is $3,780.89.

In support of their application for damages, the plaintiffs submitted a declaration by their attorney, Arlene F. Boop, Esq. ("Boop") with: (1) Exhibit A, damage calculation charts; (2) Exhibit B, the plaintiffs' affidavits; (3) Exhibit C, the plaintiffs' sample pay stubs; (4) Exhibit D, June 19, 2012 transcript pages containing oral findings by your Honor; (5) Exhibit E, the amended complaint; and (6) Exhibit F, Yuen's amended answer. Boop explains that the calculation of damages involved several steps and inferences taken from the trial evidence.

Concerning the wages owed, Boop states that each plaintiff worked six days per week, in shifts ranging from eight to 10 hours per day, to 12 hours or more per day, when the restaurant was busy. Each waiter, namely Chen, Liu, Mei and Lui, earned a salary of $252, and Zou, a busboy, earned $150 "every pay date." Each plaintiff had one vacation week per year and Chen, Liu and Mei took one week of sick time or personal time, while Liu and Zou took no time off from work. The pay stubs show that the plaintiffs received pay twice per month, during the relevant period of time. The pay stubs also corroborate the base salary of each plaintiff. Boop contends that the pay stubs reflect money deemed earned in tips, which is irrelevant to the damage calculations, as no plaintiff had any notice concerning the employer's intention to claim tips as a basis for a lower, "tip credit" salary. Boop explains that Chart A-1 is a calculation of the total wages owed based on the: (a) minimum wage for 40 hours of work; and (b) overtime wage rate for 22 hours, less the estimated wages received. According to Boop, Chart A-1 incorporates the calculations of federal liquidated damages equivalent to 100% of actual damages and state liquidated damages of 25% of actual damages, in accordance with the law and

5

regulations in effect at the time when the defendants incurred liability. Boop explains that, to calculate wages paid, she multiplied the 28 months of Yuen's tenure two times, then multiplied that figure with each plaintiff's base rate of pay. The resulting figure was further adjusted downward for the weeks of vacation and, where appropriate, sick time taken by the plaintiffs. Boop made proportional reductions for 2001, 2002 and 2003. For example, "for the two Plaintiffs who worked 120.5 weeks of a total possible 122.86 weeks, the proportion was 120.5 divided by 122.86 or 98.1%. For the three Plaintiffs who worked 118.14 weeks of that period, the proportion was 96.2%. The estimated pay earned was adjusted downward by those percentages." Boop explains that wages owed were calculated as the difference between wages earned and wages paid. Boop calculated uniform cleaning reimbursement damages on the basis of the weekly sum which should have been reimbursed to the employees, in accordance with the applicable rate of $6.40 per week, multiplied by the number of weeks worked.

Concerning the spread-of-hours damages, Boop calculated them based on the trial testimony and the plaintiffs' affidavits relating to their extended shifts on busy and banquet days, consisting of 11 or 12-hour shifts and the trial court's finding that each plaintiff worked a total of 62 hours per week. The plaintiffs testified that they worked six days per week. If a plaintiff worked 11 hours per day on each of two days, the hours worked on each of the other four days would have been equal to or less than 10 hours. The plaintiffs' calculations are based on two days per week of working over 10 hours, which is a "defendant friendly" assumption since, if shifts were of equivalent length, the plaintiffs could seek a spread-of-hours payment for six days per week. Boop calculated prejudgment interest under New York law using the actual uniform cleaning reimbursement amount and spread-of-hours damages, without including statutory penalties. The nine percent interest is calculated using the total actual damages at a mid-point in

6

time to date, or based on a period of seven years of the total of 14 years.

> In case Yuen is found to be entitled to a credit for prior settlements, Boop prepared
>
> Chart A-4 which includes possible credit to Defendant Yuen based on an allocation of the two settlements which encompass any portion of the same period for which Defendant Yuen has been held liable as well as an alternate calculation of a credit based on an allocation of all three settlements over the entire period for which damages are sought.

The plaintiffs' calculation of damages, including liquidated damages under FLSA and NYLL, and interest on uniforms and spread-of-hours damages, is as follows:

| Plaintiff | Wages | Uniforms | Spread-of-hours | Total |
|---|---|---|---|---|
| Guan X. Chen | $69,417.59 | $945.13 | $2,287.65 | $72,650.37 |
| Wai M. Lui | $69,417.59 | $945.13 | $2,287.65 | $72,650.37 |
| Shun L. Mei | $69,417.59 | $945.13 | $2,287.65 | $72,650.37 |
| Zhou J. Zou | $83,417.85 | $963.94 | $2,328.53 | $86,710.32 |
| Zhi H. Liu | $70,810.04 | $963.94 | $2,328.53 | $74,102.51 |

The proposed allocation of settlements is as follows: (1) "Low/Leung settlement," $18,904.48, in favor of Yuen, with a proportional allocation of $3,780.89, for each plaintiff; and (2) all settlements, $66,815.45, in favor of Yuen, with a proportional allocation of $13,363.09, for each plaintiff.

## DEFENDANT'S CONTENTIONS

The defendant contends that he agrees that: (1) the applicable minimum wage is $5.15 for the period March 2001 through June 2003; (2) the plaintiffs worked 62 hours per week; and (3) the method for determining total damages owed for each week is to multiply the regular hours worked per week by the minimum wage and the overtime hours worked per week by the overtime wage rate. However, the defendant asserts that "the weeks must be separated for

damages calculations due to the varying statute of limitations preclusions that apply to the liability period under a two year statute of limitations for the [FLSA] and a six year statute of limitations under [NYLL]." According to the defendant, the total number of weeks worked "should be proportionally divided into those weeks that fall during the period March 2001 to July 2002, and those that fall during the period of August 2002 to June 2003. The defendant asserts that no tolling of the statute of limitations applies because the plaintiffs did not establish that he acted with reckless disregard or that the violation was willful. Thus, the liability period should "commence within two years of filing of the Complaint," which "limits the FLSA damages liability period to August 2002 to June 30, 2003 for Defendant Yuen."

Concerning the uniform reimbursement, the defendant agrees that $6.40 per week is the appropriate amount and the plaintiffs' calculations are accurate. However, the defendant contends that "no ruling was made regarding the spread of hours claim." The defendant maintains that the plaintiffs testified that on some days they would leave four hours early, on other days they would work at most eight hours per day because the restaurant was slow, and they worked generally from 8:00 a.m. to 5:00 p.m. The plaintiffs "argue it was likely two times per week they were required to work more than 10 hours, but such an across the board estimate does not comport with [their] testimony and thus, they should not be awarded spread of hours damages." Moreover, given that the plaintiffs are recovering wages for 62 hours per week for the relevant weeks, but their testimony suggests that during slow periods they did not work 62 hours per week, a spread-of-hours recovery would overcompensate the plaintiffs. The defendant contends that, should the court determine that the plaintiffs have proven their spread-of-hours claim, he agrees with the plaintiffs' damages calculation.

8

The defendant contends that the plaintiffs did not prove their entitlement to liquidated damages because the evidence at trial did not show that Yuen violated the statutes knowingly. He asserts that, even if the plaintiffs are entitled to liquidated damages, they cannot recover both federal and state-liquidated damages for claims where federal liquidated damages are available, because that would amount to a double recovery. If the court finds that the plaintiffs are entitled to recover any liquidated damages under state law, they are only entitled to 25% of their uniform wages and wages outside of the FLSA statute of limitations, namely, the period of March 2001 to July 2002. The defendant asserts that the liquidated damages should be limited to 100% of the owed wages, from August 2002 to June 2003, representing FLSA liquidated damages, 25% of the owed wages, from March 2001 to July 2002, representing NYLL liquidated damages, and 25% of the damages owed on uniform expenses. The defendant contends he is entitled to an offset and he agrees with the plaintiffs' method of dividing the settlement amount by the number of months in the period during which the settling party incurred liability and then crediting that monthly amount for the months during which the settling party's liability period overlaps with Yuen's liability period, which would provide Yuen with a credit for $18,804.48 for any damages awarded.

In support of his opposition, the defendant submitted a declaration by his attorney, Hilary Preston, Esq., with a chart reflecting the defendant's calculation of damages with: (1) no liquidated damages awarded, Exhibit A; (2) no double recovery of liquidated damages, Exhibit B; and (3) liquidated damages under both the federal and state law claims, Exhibit C. The defendant's Exhibit A shows the following damages:

| Plaintiff | 08/2002-06/2003 | 03/2001-07/2002 | Uniforms | Total |
|---|---|---|---|---|
| Guan X. Chen | $10,550.03 | $18,992.06 | $756.10 | $30,298.18 |
| Wai M. Lui | $10,550.03 | $18,992.06 | $756.10 | $30,298.18 |
| Shun L. Mei | $10,550.03 | $18,992.06 | $756.10 | $30,298.18 |
| Zhou J. Zou | $12,957.62 | $23,317.10 | $771.20 | $37,045.92 |
| Zhi H. Liu | $10,762.58 | $19,367.15 | $771.20 | $30,900.93 |

The defendant's Exhibit B shows the following damages:

| Plaintiff | 08/2002-06/2003 | 03/2001-07/2002 | Uniforms | Total |
|---|---|---|---|---|
| Guan X. Chen | $21,100.06 | $23,740.07 | $945.12 | $45,785.25 |
| Wai M. Lui | $21,100.06 | $23,740.07 | $945.12 | $45,785.25 |
| Shun L. Mei | $21,100.06 | $23,740.07 | $945.12 | $45,785.25 |
| Zhou J. Zou | $25,915.24 | $29,146.37 | $964.00 | $56,025.62 |
| Zhi H. Liu | $21,525.16 | $24,208.93 | $964.00 | $46,698.10 |

The defendant's Exhibit C shows the following damages:

| Plaintiff | 08/2002-06/2003 | 03/2001-07/2002 | Uniforms | Total |
|---|---|---|---|---|
| Guan X. Chen | $23,737.57 | $23,740.07 | $945.12 | $48,422.76 |
| Wai M. Lui | $23,737.57 | $23,740.07 | $945.12 | $48,422.76 |
| Shun L. Mei | $23,737.57 | $23,740.07 | $945.12 | $48,422.76 |
| Zhou J. Zou | $29,154.65 | $29,146.37 | $964.00 | $59,265.02 |
| Zhi H. Liu | $24,215.81 | $24,208.93 | $964.00 | $49,388.74 |

## PLAINTIFFS' REPLY

In reply, the plaintiffs contend that liquidated damages should apply, and the burden is on the defendant to show that he made good faith efforts to comply with the law. According to the plaintiffs, the evidence demonstrates that the defendant "simply followed the prior established

10

pattern and made [no] efforts to attempt to ascertain whether those practices complied with federal or state law." Furthermore, the portions of the trial testimony on which the plaintiffs rely have not been rebutted by the defendant. The plaintiffs assert that both federal and state liquidated damages are warranted, since they serve two different purposes, and the defendant failed to make citation to any authority holding to the contrary. The plaintiffs assert that the parties' "respective calculations are very similar[,] except that the Defendant has failed to comment on the Plaintiffs' claim for spread of hours, and except to the extent that Defendant attributes a higher received salary (approximately $1,000 in the case of Plaintiff Chen) for each Plaintiff." According to the plaintiffs, "[i]t cannot be reasonably disputed that there must be a finding as to the applicability of spread of hours since, given there were days when there were less work, Plaintiffs had to have worked over 10 hours on one or more days if they are credited with working a total of 62 hours a week." The plaintiffs contend that, absent an explanation by the defendant, no reason exists for the discrepancy in earned salary, and it appears that the defendant "did not exclude the monies earned on the week paid vacation as did Plaintiffs." Thus, the plaintiffs assert, their methodology for calculating and the calculation of damages should be adopted.

## LEGAL STANDARD

<u>FLSA</u>

"Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, . . . not less than . . . $5.15 an hour." 29 U.S.C. § 206(a)(1). "[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in

11

excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Every employer "shall make, keep, and preserve" records "of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). "Any employer who violates the provisions of section 206 or section 207 of the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However,

> if the employer shows to the satisfaction of the court that the act or omission giving rise to [an action under FLSA] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260.

"Liquidated damages under the FLSA are considered compensatory rather than punitive in nature." Reich v. S. New England Telecomms. Corp., 121 F.3d 58, 71 (2d Cir. 1997). The burden is on the employer to establish "subjective good faith and objective reasonableness" of his belief that he was not in violation of the FLSA. Id. "To establish 'good faith,' a defendant must produce 'plain and substantial evidence of at least an honest intention to ascertain what the [FLSA] requires and to comply with it.'" Id. (citation omitted). An FLSA action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

New York Labor Law

"Unless otherwise provided by law, the following number of hours shall constitute a legal day's work . . . [f]or all . . . employees, except those engaged in farm work or domestic service and those affected by subdivision four or section two hundred and twenty, eight hours."  NYLL § 160(3).  At all times relevant to this action, New York law provided that "[e]very employer in the restaurant industry shall pay to each employee . . . not less than the minimum wage rates." 12 New York Compilation of Codes, Rules & Regulations ("NYCRR") § 137-1.1.[1]  "The basic minimum hourly wage rate shall be . . . $5.15 per hour on and after March 31, 2000" through December 31, 2004.  12 NYCRR § 137-1.2  "New York does not have a mandatory overtime law."  Hornstein v. Negev Airbase Constructors, 110 A.D.2d 884, 885, 488 N.Y.S.2d 435, 437 (App. Div. 2d Dep't 1985).  Instead, the Commissioner of Labor issued a Minimum Wage Order for the Restaurant Industry, providing that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."  12 NYCRR § 137-1.3  "On each day in which the spread of hours exceeds 10, an employee shall receive one hour's pay at the basic minimum hourly wage rate before allowances, in addition to the minimum wages otherwise required."  12 NYCRR § 137-1.6. "The *spread of hours* is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty."  12 NYCRR §§ 137-3.10, 137-3.11.  "Where the employer fails to launder or maintain required uniforms for any employee, he shall pay such employee in addition to the minimum wage prescribed herein . . . $6.40 per week on and after March 31, 2000, if the employee works

---

[1] At all times, Part 137, Restaurant Industry, of Title 12 of NYCRR governed the plaintiffs' New York claims.  Part 137 was repealed, effective January 1, 2011.

more than 30 hours weekly." 12 NYCRR § 137-1.8. "Every employer engaged in the sale or

service of food or beverages shall post in his establishment, in a place accessible to his

employees and in a visually conspicuous manner, a copy of sections one hundred ninety-three

and one hundred ninety-six-d of this chapter and any regulations promulgated pursuant thereto

relating to illegal deductions from wages and tips by employers." NYLL § 198-d.

> New York Labor Law provides:
>
> In any action instituted upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.
>
> NYLL § 198(1)(1-a).

District courts in this circuit disagree about whether a plaintiff may recover liquidated damages

under both FLSA and state law for the same violations. Compare, Wicaksono v. XYZ 48 Corp.,

No. 10 Civ. 3635, 2011 WL 2022644, at *7 (S.D.N.Y. May 2, 2011) (noting that the plaintiff

may recover liquidated damages under both FLSA and NYLL and citing cases that disagree on

the issue), and Zubair v. Entech Eng'g P.C., 900 F. Supp. 2d 355, 360, 361 n.4 (S.D.N.Y. 2012)

(noting it is not clear whether the plaintiff could recover under FLSA and state law and citing

cases that disagree on the issue), with Andrade v. Kwon, No. 3:08 cv 479, 2012 WL 3059616, at

*6 (D. Conn. Mar. 26, 2012) (not allowing liquidated damages under FLSA and state statute

because their liquidated damages provisions do not serve fundamentally different purposes).

The Court finds that the prevailing plaintiff may recover liquidated damages under both FLSA

and NYLL for the same violations.

## APPLICATION OF LEGAL STANDARD

FLSA Statute of Limitations

Your Honor found that: (a) Yuen is liable to the plaintiffs for the period of time March 2001 through July 2003; and (b) the issue of the tolling of statute of limitations was moot. Accordingly, it follows that the court already found that the three-year statute of limitations applies, as well as that the statute of limitations was tolled, when it determined that the relevant time period in this action, which commenced on August 13, 2004, is March 2001 through July 2003.

Unpaid Wages and Overtime Compensation

Yuen agrees that the plaintiffs' calculation of damages for unpaid wages and overtime compensation are based on the correct minimum wage of $5.15, for 62 hours per week of work. Yuen contends only that the weeks worked "should be proportionally divided" based on the FLSA two-year and NYLL six-year statutes of limitations. In light of the court's determination that the relevant period of liability is March 2001 through July 2003, Yuen's argument is meritless. Upon review, the Court finds appropriate the plaintiffs' calculation of damages for unpaid wages and overtime compensation before liquidated damages, as follows: (a) $30,852.26, for Chen, Lui and Mei; (b) $37,074.60, for Zou; and (c) $31,471.13, for Liu.

Uniforms

Yuen agrees that the plaintiffs' calculation of damages respecting the uniform reimbursement is accurate. Upon review, the Court finds appropriate the uniform reimbursement at $6.40 weekly for the costs of laundering, before any interest or liquidated damages are applied, as follows: (a) $756.10, for Chen, Lui and Mei; and (b) $771.20, for Zou and Liu.

15

Spread-of-Hours

On June 19, 2012, your Honor determined that the number of weekly hours worked is 62.

Your Honor then stated:

> And I will wait some further submission with regard to the spread of hours. I am not
> sure there is a significant issue about that or what the calculation would be. I have
> not convinced myself one way or the other whether there is a spread of hours issue.
> I may want to hear you further on that or at least have you make some calculation.
> The testimony, as I reviewed it and remembered it, was basically that there was, I
> believe, two half-hour lunch breaks; and if there was a party, there was a two-hour
> break during the day. I am not sure whether there is a spread of hours issue or a
> significant calculation to be made with regard to spread of hours. But, I'll give the
> plaintiff an opportunity to pursue that further if you think there is a calculation you
> can justify with regard to that. . . .That's my ruling at this point.

The record demonstrates that no ruling was made on the plaintiffs' spread-of-hours claims. The
parties submitted their post-trial memoranda of law. However, subsequent to the parties' post-
trial submissions, no finding was made concerning Yuen's liability on the spread-of-hours
claims. Thus, absent a finding of Yuen's liability on the spread-of-hours claims, awarding
spread-of-hours damages is not warranted.

Liquidated Damages

The Court finds that Yuen failed to make any effort to inform himself about FLSA or
NYLL requirements concerning the payment of wages and giving notices to employees. As a
result, Yuen did not establish good faith or reasonableness, as required to demonstrate that
liquidated damages are not warranted. The Court finds that the plaintiffs are entitled to recover
liquidated damages under FLSA (100%) and NYLL (25%). Upon review, the Court finds that
the plaintiffs' calculation of liquidated damages, for the claims on which Yuen's liability has
been established, is accurate.

16

Effect of Settlements on Damages

Although New York law protects a nonsettling tortfeasor from paying more than that tortfeasor's equitable share, see New York General Obligations Law § 15-108, the burden is on the nonsettling defendant to establish "the equitable shares attributable to the settling defendants for purposes of reducing the amount of [the nonsettling defendant's] responsibility for the damages." Bigelow v. Acands, Inc., 196 A.D.2d 436, 438, 601 N.Y.S.2d 478, 480 (App. Div. 1st Dep't 1993). Other than agreeing with the method of credit calculation under the plaintiffs' alternative argument, Yuen failed to make any argument or citation to any authority involving FLSA and NYLL claims to support his contention that he is entitled to an offset in connection with the prior settlements of certain defendants in this action. Accordingly, the Court finds that Yuen did not demonstrate that he is entitled to any credit in the circumstance of this action.

Prejudgment Interest

"Interest shall be recovered upon a sum awarded . . . because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." New York Civil Practice Law and Rules ("CPLR") § 5001(a). "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." CPLR § 5001(b). "Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." CPLR § 5004.

The Court finds that the plaintiffs are entitled to prejudgment interest, at the statutory rate of nine percent per year on the amount of uniform expense damages, calculated at a mid-point

between April 1, 2001, and April 1, 2015, for a total of seven years. Since the plaintiffs are not entitled to spread-of-hours damages, they are not entitled to any related interest on that claim.

Post-judgment Interest

The plaintiffs are entitled to post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961.

**RECOMMENDATION**

For the foregoing reasons, I recommend that the plaintiffs be awarded the following damages:

| Plaintiff | Wages | Uniforms | Total |
|---|---|---|---|
| Guan X. Chen | $69,417.59 | $945.13 | $70,362.72 |
| Wai M. Lui | $69,417.59 | $945.13 | $70,362.72 |
| Shun L. Mei | $69,417.59 | $945.13 | $70,362.72 |
| Zhou J. Zou | $83,417.85 | $963.94 | $84,381.79 |
| Zhi H. Liu | $70,810.04 | $963.94 | $71,773.98 |

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will*

18

*preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v.

Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York                    Respectfully submitted,
      June 26, 2015

                                                  KEVIN NATHANIEL FOX
                                                  UNITED STATES MAGISTRATE JUDGE