**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x

GUAN X. CHEN, ZHI LIU, WAI M. LUI, SHUN :
L. MEI AND ZHOU J. ZOU,

                         Plaintiffs,

              -against-

WAI FOO YUEN,

                         Defendant.

MEMORANDUM DECISION
AND ORDER
04-cv-06579 (GBD) (KNF)

------------------------------------ x

GEORGE B. DANIELS, District Judge:

Plaintiffs Guan X. Chen, Zhi Liu, Wai M. Lui, Shun L. Mei, and Zhuo J. Zou ("Plaintiffs") filed this action pursuant to the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. §§ 201-219, and the New York Labor Law ("NYLL"), §§ 190-199-a. Plaintiffs asserted claims for unpaid wages and overtime compensation in connection with Plaintiffs' employment at Grand Harmony Restaurant. Plaintiffs settled the action with Defendants Stephen Low, Angeline L. K. Low, Grand Harmony Restaurant, Inc., Wai Ping Chan, William Su, and Chi Ping Leung. (ECF Nos. 96, 137, 138). On March 29, 2013, this Court dismissed the Plaintiffs' claims against Vincent Yuk, Wai Chi Chin and Ting Lo and entered judgment in favor of Plaintiffs against Defendant Wai Foo Yuen ("Yuen"), noting that "[d]amages will be determined based on the parties' post-verdict submissions." (ECF No. 215.) Thereafter, this Court referred the case to Magistrate Judge Fox for an inquest on damages.

Magistrate Judge Fox issued a Report and Recommendation ("Report") recommending the following judgments be entered in favor of Plaintiffs:

| Plaintiff | Wages + Liquidated Damages | Uniform + Prejudgment Interest[1] | Total |
|---|---|---|---|
| Guan X. Chen | $69, 417.59 | $945.13 | $70,362.72 |
| Wai M. Lui | $69,417.59 | $945.13 | $70,362.72 |
| Shun L. Mei | $69,417.59 | $945.13 | $70,362.72 |
| Zhou J. Zou | $83,417. 85 | $963.94 | $84,381.79 |
| Zhi H. Liu | $70,810.04 | $963.94 | $71,773.98 |

(Report, (ECF No. 242), at 18.)

Magistrate Judge Fox further recommended that that the plaintiffs receive post-judgment interest from Defendant Yuen. *Id.*

On July 13, 2015, this Court timely received Defendant's objections to the Report.[2] (Defendant Wai Foo Yuen's Objections to Magistrate Judge Kevin Nathaniel Fox's Report and Recommendation ("Objection"), (ECF No. 243.)) Defendant Yuen objects to the Report's tolling of the FLSA's statute of limitations, award of liquidated damages, and determination that a setoff is unwarranted. *See generally id.* Defendant Yuen's objections are overruled.

## LEGAL STANDARD

Courts may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). Courts must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). Courts are not, however, required to conduct a *de novo*

---

[1] Magistrate Judge Fox determined that Plaintiffs are entitled to prejudgment interest at the statutory rate of nine percent per year on the amount of uniform expense damages. (Report at 17.)

[2] The Plaintiffs did not object to the Report.

2

hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, "[i]t is sufficient that the district court arrive at its own, independent conclusions about those portions of the magistrate's report to which objection is made." *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983)).

## APPLICABLE STATUTE OF LIMITATIONS

Ordinarily, FLSA actions must be filed within two years of accruing.[3] 29 U.S.C. § 255(a). FLSA actions accrue when the plaintiff knows or has to reason know of the injury that is the basis for his claim, which occurs at the time the employee was or should have been paid. *See Maksymowicz v. Weisman & Calderon, LLP*, 2014 WL 1760319, at *2 (S.D.N.Y. Feb. 2, 2014) (citing *Gunawan v. Sake Sushi Restaurant*, 897 F.Supp.2d 76, 82 (E.D.N.Y. 2012)); *see also Acosta v. Yale Club of N.Y. City*, 1995 WL 600873, at *3 (S.D.N.Y. Oct.12, 1995) (rejecting application of a "continuing violation" theory to FLSA claims because the FLSA ordinarily does not permit challenges to violations occurring in pay periods outside the normal limitations period). However, when the action "aris[es] out of a willful violation," the plaintiff has three years to file suit. 29 U.S.C. § 255(a). Willfulness is established when the "employer either knew or showed reckless disregard for . . . whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). An employer's failure to take "any steps whatever to determine the lawfulness of its conduct" is a strong indicator that the employer violated the Act willfully. *Brock v. Wilamowsky,* 833 F.2d 11, 18-19 (2d Cir. 1987).

---

[3] The statute of limitations is six years for actions alleging wage and hours violations under the NYLL. N.Y. Lab. Law §§ 198(3), 663(3). Here, Plaintiffs commenced suit well within the applicable statute of limitations, and Defendant Yuen does not contend that the NYLL statute of limitations bars Plaintiffs from recovering on their NYLL claims.

3

Here, Defendant Yuen objects to the Report's finding and recommendation that he is liable for damages beginning in March 2001, arguing instead that the two-year limitations period should apply, and that there is no basis for tolling. According to Defendant Yuen, he can be held liable for damages beginning no earlier than August 2002, two years before the Plaintiffs filed suit. (Objection at 2-3.) Defendant Yuen's objection is overruled. His violation was willful. The three-year limitations period applies because he failed to make any effort to inform himself about FLSA requirements. (*See* Trial Transcript ("Trial Tr."), (ECF No. 199), at 16:10-25 ("Q. Mr. Yuen, . . . did you make any inquiry to determine if staff were being paid in accordance with any state or federal labor laws? A. . . . I didn't know any former regulations or the laws and whatever practices that had been doing, I just let that continue . . . . Q. Mr. Yuen, do you recall making any inquiry or investigation on your own account to find out if there were labor laws which applied to the workers in the restaurant? A. No, I didn't.").) Yuen's actions—or in this case, inaction—showed a "reckless disregard" for whether his conduct comported with the FLSA's requirements. *See McLaughlin*, 486 U.S. at 133; *Brock*, 833 F.2d at 18-19. Accordingly, Plaintiffs are able to recover damages going back at least as far as August 2001, three years before they filed suit.

Plaintiffs can also recover damages for violations that occurred even earlier if the FLSA's statute of limitations is tolled. Equitable tolling is permissible when an employer has violated a regulation requiring it to inform an employee of his or her rights. *See Saunders v. City of New York*, 594 F. Supp. 2d 346, 359 (S.D.N.Y. 2008); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008). The "[f]ailure to comply with the regulatory obligation to disclose the existence of a cause of action . . . is the type of concealment that entitles plaintiff to equitable tolling of the statute of limitations." *Saunders*, 594 F. Supp. 2d at 359 (citing *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004)).

4

The Department of Labor's regulations require

> [e]very employer employing any employees subject to the [FLSA's] minimum wage provisions [to] post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.

29 C.F.R. § 516.4. The evidence at trial demonstrated that Defendant Yuen, who this Court has previously determined to have been an employer, (Post-Trial Conference Transcript ("Post-Trial Conf. Tr."), (ECF 225), at 74:18-23), failed to comply with this regulation, (Trial Tr., (ECF No. 191), at 27:13-23, 96:3-21); (*id.*, (ECF No. 195), at 254:21-255:2); (*id.*, (ECF No. 197), at 347:13-348:3); (*id.*, (ECF No. 199), at 470:17-24, 549:14-17); (*id.*, (ECF No. 201), at 613:19-22). Defendant Yuen's failure to comply with a regulation which would have disclosed to Plaintiffs the existence of a cause of action justifies the tolling of the statute of limitations.[4] Accordingly, the Report correctly determined that Plaintiffs may recover damages from Defendant Yuen for violations beginning in March 2001, (Report at 15,)[5] the time at which he began serving as president of the Grand Harmony Restaurant.[6] (*e.g.*, Post-Trial Conf. Tr. at 75:12-16.)

---

[4] Plaintiffs that have actual knowledge of the right to bring action may not rely on an employer's failure to comply with posting requirements to toll the statute of limitations. *See Saunders*, 594 F. Supp. 2d at 359 (citing *Veltri*, 393 F.3d at 326). Here, however, Defendant Yuen has not presented any argument or evidence suggesting that the Plaintiffs had actual knowledge of their right to bring action between March and August 2001.

[5] The Report found that this Court previously determined that the issue related to the tolling of the statute of limitations was moot. (*See* Report at 15.) However, this Court determined that the issue was moot only with regard to the time period for which the Plaintiffs would have been able to recover damages from three other defendants. (*See* Post-Trial Conf. Tr. at 80:25-81:2 ("[G]iven the fact that the other three defendants are being dismissed from this case, the issue with the tolling of statute of limitations is moot.".) The magistrate judge correctly found that this Court had determined Plaintiffs could recover damages from Defendant Yuen beginning in March 2001, the time he began serving as president of the restaurant. (*e.g.*, *id.* at 75:12-16.)

[6] Because the statute of limitations had been tolled, even if the two-year limitations period had applied, the Plaintiffs still would have been able to recover damages for violations beginning in March 2001.

5

## LIQUIDATED DAMAGES

Under the FLSA, courts are required to award liquidated damages in an amount equal to actual damages, 29 U.S.C. § 216(b), unless the employer demonstrates that it acted in "good faith," in which case "the court may, in its sound discretion, award no liquidated damages or award [some other lesser amount]," 29 U.S.C. § 260. At the commencement of this suit, the NYLL provided that liquidated damages could be recovered when an employer's violations were "willful."[7] 2003 N.Y. Laws Ch. 31 § 198(1-a). "The test for willfulness in the context of liquidated damages under the New York Labor Law 'parallels that employed in determining willfulness for limitation purposes under the FLSA.'" *Padilla v. Malapaz*, 643 F. Supp. 2d 302, 313 (E.D.N.Y. 2009) (citing *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261 (S.D.N.Y.2008)). The applicable NYLL guidelines limit the recovery of liquidated damages for the relevant time period to twenty-five percent of the total amount of the wages found to be due.[8] 2003 N.Y. Laws Ch. 31 § 198(1-a).

Defendant Yuen's willful violation was not made in good faith, and therefore liquidated damages are appropriate under the express statutory provisions provided in both the FLSA and NYLL. *See* 29 U.S.C. §§ 216(b), 260; 2003 N.Y. Laws Ch. 31 § 198(1-a). Nevertheless, Defendant Yuen objects to the Report's recommendation that liquidated damages be awarded under both

---

[7] The NYLL's liquidated damages provision now mimics the FLSA's, employing a "good faith" standard. *See* N.Y. Lab. Law §§ 198(1-a), 663. However, the new language does not apply retroactively because "retroactive operation is not favored by New York courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *CFCU Cmty. Credit Union v. Hayward*, 552 F.3d 253, 262 (2d Cir. 2009).

[8] The NYLL now provides for liquidated damages "equal to one hundred percent of the total of such underpayments found to be due." *See* N.Y. Lab. Law § 663(1); *supra* n.7.

statutes, arguing that such an award would result in a double recovery by Plaintiffs. This Court is aware that

> [t]here is no appellate authority as to whether a plaintiff may recover cumulative (sometimes called "simultaneous" or "stacked") liquidated damages under the FLSA and NYLL, and the district courts in this Circuit are deeply divided. Courts that have awarded cumulative liquidated damages have . . . [described the] liquidated damages under the FLSA . . . as "compensation, not a penalty," *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942); *see, e.g., United States v. Sabhnani*, 599 F.3d 215, 260 (2d Cir.2010), whereas the NYLL's liquidated damages provision is said to "constitute a penalty," *Reilly v. Natwest Markets Grp., Inc.*, 181 F.3d 253, 265 (2d Cir.1999) (quoting *Carter v. Frito–Lay, Inc.*, 74 A.D.2d 550, 551, 425 N.Y.S.2d 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80, 419 N.E.2d 1079 (1981)).

*Inclan v. New York Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015). Because the liquidated damages provisions contained within the FSLA and NYLL, respectively, serve fundamentally different purposes, "a prevailing plaintiff who can justify both [FLSA] liquidated damages and [NYLL liquidated] damages" is entitled to recover both.[9] *Saigon Grill*, 595 F. Supp. 2d at 262; *see also He v. Home on 8th Corp.*, 2014 WL 3974670, at *7 (S.D.N.Y. Aug. 13, 2014) ("[A] court may order [liquidated damages] under both [the FSLA and NYLL].").

This Court adopts the Report's recommendation regarding the award of liquidated damages.[10]

---

[9] Defendant Yuen also argues that "where courts have awarded both federal and state liquidated damages, the awards were for items of recovery under NYLL, namely, spread of hours, wages outside the FSLA statute of limitations or uniform expenses." (Objection at 4.) This Court declines Defendant Yuen's invitation to limit NYLL liquidated damages to certain items. The NYLL liquidated damages provision expressly states that liquidated damages are calculated based upon "the *total* amount of the wages found to be due." 2003 N.Y. Laws Ch. 31 § 198(1-a) (emphasis added).

[10] Defendant Yuen argued that FLSA liquidated damages should be limited to 100% of the wages owed from August 2002 to July 2003 based on the FSLA's statute of limitations. For the reasons discussed *supra*,

7

## ENTITLEMENT TO OFFSET

Defendant Yuen also objects to the Report's recommendation that he is not entitled to an offset based on settlements Plaintiffs have already received with regard to the same claims for which Defendant Yuen has been found liable. (Objection at 4.) Usually, under federal common law, "where a non-settling defendant seeks a set-off, the burden rests squarely upon it to show 'the extent to which a recovery against it would be duplicative of the plaintiff's recovery from settling defendants.'" *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 483 (E.D.N.Y. 2013) (quoting *RLI Ins. Co. v. King Sha Group*, 598 F. Supp. 2d 438, 447 (S.D.N.Y. 2009)). Similarly, to receive an offset under state law, it is the non-settling defendant's responsibility to establish "the equitable shares attributable to the settling defendants for purposes of reducing the amount of [the non-settling defendant's] responsibility for the damages." *Bigelow v. Acands, Inc.*, 196 A.D.2d 436, 438 (N.Y. App. Div. 1st Dep't 1993).[11]

Here, Defendant Yuen has not made either showing. Although he has adopted the calculations which were originally set forth by Plaintiffs in the event that this Court determined an offset should apply, Defendant Yuen has provided no argument or authority demonstrating that the damages amount recommended in the Report would be duplicative of the Plaintiffs' recovery from the settling defendants. This Court agrees with and adopts the Report's finding that Defendant Yuen has failed to carry his burden to establish that he is entitled to an offset of damages attributed to either Plaintiffs' FLSA or NYLL claims.

---

the FSLA's statute of limitations does not bar recovery of liquidated damages for any portion of the period stretching from March 2001 through July 2003.

[11] Neither party has provided, nor has this Court identified, authority applying these tort principles in the FSLA-specific context.

8

## CONCLUSION

This Court awards damages as calculated by the magistrate judge in his Report, plus post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961. *See* Report at 18.

Dated: December 1, 2015
New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge